CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
JUN 22 2012
JULIA C. DUDLEY, CLERK
BY:
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| BRENDA H. KEITH, | ) | CASE NO. 4:11CV00037 |
| Plaintiff, | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| MICHAEL ASTRUE,<br>Commissioner of Social Security, | ) | |
| Defendant. | ) | By: B. Waugh Crigler<br>U. S. Magistrate Judge |

This challenge to a final decision of the Commissioner which denied plaintiff's protectively-filed January 19, 2010 applications for a period of disability, disability insurance benefits, and supplemental security income ("SSI") under the Social Security Act ("Act"), as amended, 42 U.S.C. §§ 416, 423 and 1381 et seq., is before this court under authority of 28 U.S.C. § 636(b)(1)(B) to render to the presiding District Judge a report setting forth appropriate findings, conclusions and recommendations for the disposition of the case. The questions presented are whether the Commissioner's final decision is supported by substantial evidence, or whether there is good cause to remand for further proceedings. 42 U.S.C. § 405(g). For the reasons that follow, the undersigned will RECOMMEND that an Order enter GRANTING the Commissioner's motion for summary judgment, AFFIRMING the Commissioner's final decision and DISMISSING this case from the docket of the court.

In a decision issued on January 11, 2011, an Administrative Law Judge ("Law Judge") found that plaintiff had not engaged in substantial gainful activity since January 13, 2010, her alleged date of disability date, and that she remained insured through December 31, 2014. (R. 10.) The Law Judge further found that plaintiff's status post malignant breast neoplasm with

chemotherapy was a medically determinable impairment. (*Id.*) Even so, he concluded that plaintiff did not suffer any impairment or combination of impairments that had significantly limited or was expected to significantly limit her ability to perform basic work-related activities for twelve consecutive months, and, as such, her impairment was not severe. (R. 11.) Thus, the Law Judge determined that plaintiff was not disabled under the Act. (R. 14.)

Plaintiff appealed the Law Judge's January 11, 2011 decision to the Appeals Council. (R. 1-3.) The Appeals Council found no basis in the record or in the reasons advanced on appeal to review the decision, denied review, and adopted the Law Judge's decision as the final decision of the Commissioner. (R. 1.)

The Commissioner is charged with evaluating the medical evidence and assessing symptoms, signs and medical findings to determine the functional capacity of the claimant. *Hays v. Sullivan*, 907 F.2d 1453 (4th Cir. 1990); *Shively v. Heckler*, 739 F.2d 987 (4th Cir. 1984). The regulations grant some latitude to the Commissioner in resolving conflicts or inconsistencies in the evidence which the court is to review for clear error or lack of substantial evidentiary support. *Craig v. Chater*, 76 F.3d 585 (4th Cir. 1996). In all, if the Commissioner's resolution of the conflicts in the evidence is supported by substantial evidence, the court is to affirm the Commissioner's final decision. *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966).

In her motion for remand, plaintiff's sole argument is that the new evidence she submitted for the first time on judicial review before this court warrants a remand. (Pl's Brief, pp. 1-2.) Specifically, plaintiff argues that the new evidence establishes that she has met the

2

durational requirement[1] because her status post malignant breast neoplasm with chemotherapy limited her ability to perform work-related activities for more than twelve consecutive months. (Pl's Brief, p. 2.)

Plaintiff must satisfy the factors set forth in *Borders v. Heckler*, 777 F.2d 954, 955 (4th Cir. 1985), in order to secure a remand directing the Commissioner to consider evidence she has offered for the first time on judicial review. *Jones v. Astrue,* No. 4:07CV00049, 2008 WL 2991408, *4 (W.D.Va. August 1, 2008). Specifically, "*Borders* requires that the newly discovered evidence (1) must relate back to the time the application was first filed, and be new (not merely cumulative); (2) must be material to the extent that the Commissioner's decision might reasonably have been different had the new evidence been before him; (3) there must be good cause for the Plaintiff's failure to submit the evidence when the claim was before the Commissioner; and (4) Plaintiff must present to the court at least a general showing of the nature of the new evidence." *Id.* (citing *Borders*, 777 F.2d at 955). The burden of demonstrating that all of the Sentence Six requirements have been met rests with the plaintiff. *Overcash v. Astrue*, No. 5:07CV-123-RLV, 2011 WL 815789, *3 (W.D.N.C. February 28, 2011).

The record reveals that plaintiff was diagnosed in February 2010 with right breast carcinoma. In March 2010, she underwent a right mastectomy, axillary lymph node dissection, and left prophylactic mastectomy.

---

[1] Under the Social Security Act, plaintiff would be entitled to disability benefits if she could show her "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a).

3

The new evidence plaintiff has proffered on judicial review as an attachment to her motion to remand includes: (1) notes from treating oncologist, Suzan Merten, M.D. dated October 5, 2010 and November 16, 2010; (2) evidence from Dr. Merten's physician's assistant, Amy R. Bramblett-Robinson, dated October 26, 2010 and December 7, 2010; (3) a nuclear medicine bone imaging study from December 1, 2010; and (4) a medical note from Gerald L. Schertz, M.D. dated December 28, 2010. All these evidence predates the Law Judge's January 11, 2011 decision.

In addition, plaintiff has proffered: (1) medical notes from Dr. Merten dated February 8, 2011, March 22, 2011, May 24, 2011, and November 1, 2011; (2) notes from Dr. Marten's physician's assistant, Bramblett-Robinson, dated January 18, 2011, March 1, 2011, April 19, 2011, August 16, 2011, and February 6, 2012; (3) a report from surgeon Dennis Scribner, M.D. dated August 24, 2011; and (4) a report from a May 17, 2011 chest CT; (5) November 8, 2011 reports from a chest CT with IV contrast, a CT of the abdomen and pelvis, and a nuclear medicine bone imagine study. All of this evidence post-dates the Law Judge's January 11, 2011 decision, though most predates the July 13, 2011 final decision by the Appeals Council.

Finally, plaintiff has submitted information from the U.S. Food and Drug Administration relating to Avastin. While the record reveals that plaintiff underwent Avastin therapy, she has not shown how this generic information relates to her.

The undersigned finds that plaintiff has not demonstrated the new evidence is material. For example, medical records from treating source Dr. Merten dated October 5, 2010 and November 16, 2010 reflect stability of plaintiff's claimed neuropathy with normal system function. Physician's assistant Bramblett-Robinson's December 7, 2010 note provides: "I have

4

explained to Ms. Keith and her family that the side effects of Tamoxifen/Avastin treatment would not prevent her from working." Dr. Marten's February 8, 2011 entry shows that the physician declined to "write long-term disability for someone who is cancer free." These notations are not isolated instances. Rather, similar notations appear throughout the balance of the records submitted to the court. Thus, plaintiff has not shown that this evidence would have been likely to change the Commissioner's decision if it had been before him.

The undersigned also finds that plaintiff has not shown good cause for her failure to submit this new evidence to the Commissioner in the first instance. The great bulk of the evidence plaintiff has submitted was available and could have been offered while the case was before either the Law Judge or the Appeals Council. Thus, plaintiff has failed to meet this portion of the *Borders* test as well.

Having found that plaintiff has not shown she is entitled to a remand under *Borders*, the undersigned hereby RECOMMENDS that an Order enter GRANTING the Commissioner's motion for summary judgment, AFFIRMING the Commissioner's final decision and DISMISSING this case from the docket of the court.

The Clerk is directed to immediately transmit the record in this case to the presiding United States District Judge. Both sides are reminded that pursuant to Rule 72(b) they are entitled to note objections, if any they may have, to this Report and Recommendation within fourteen (14) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1)(C) as to factual recitations or findings as well as to the conclusions reached by the

5

undersigned may be construed by any reviewing court as a waiver of such objection. The Clerk is directed to transmit a copy of this Report and Recommendation to all counsel of record.

ENTERED: *[signature]*
U.S. Magistrate Judge

6/22/12
Date