IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| BRENDA H. KEITH, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 4:11-cv-00037 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| MICHAEL ASTRUE, | ) | By: Hon. Jackson L. Kiser |
| Commissioner of Social Security, | ) | Senior United States District Judge |
| | ) | |
| Defendant. | ) | |

Before me is the Report and Recommendation ("R & R") of Hon. B. Waugh Crigler recommending that I grant Defendant's Motion for Summary Judgment [ECF No. 19], affirm the Commissioner's final decision, and dismiss this case. Plaintiff filed a timely Objection [*see* ECF No. 22]; because the Commissioner did not respond, the Objection is ripe for consideration. *See* FED. R. CIV. P. 72(b). I have reviewed the Magistrate Judge's recommendation, Plaintiff's Objection, and the relevant portions of the record. For the reasons stated below, I will **OVERRULE** Plaintiff's Objection, **ADOPT** Judge Crigler's R & R, **GRANT** Defendant's Motion for Summary Judgment, and **DISMISS** this case.

## I. STATEMENT OF FACTS AND PROCEDURAL HISTORY

On January 19, 2010, Plaintiff Brenda H. Keith ("Plaintiff") protectively filed concurrent applications for Social Security Disability benefits and Supplemental Security Income benefits pursuant to Title II and Title XVI of the Social Security Act, respectively. *See* 42 U.S.C. §§ 401–433, 1381–1383f. In her applications, Plaintiff alleged that she was disabled as of January 13, 2010. (R. 8.) Plaintiff's claims were denied initially on May 11, 2010, and upon reconsideration on August 12, 2010. (*See id.*) Shortly after this second denial, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). (R. 8.) On November 23,

2010, an ALJ held an administrative hearing via video conference to determine whether Plaintiff was under a disability within the meaning of the Social Security Act. (*See* R. 19-35.) Only Plaintiff, who was represented by counsel, testified. (*See id.*)

On January 11, 2011, the ALJ submitted his decision including findings of fact and conclusions of law. (R. 8-14.) The ALJ applied the five-step evaluation process as set forth in 20 CFR §§ 404.1520(a) and 416.920(a). He initially found that Plaintiff had not engaged in substantial gainful activity since January 13, 2010—her alleged disability onset date—and that she met the insured status requirements under the Social Security Act through December 31, 2014. (R. 10.) He proceeded to find that Plaintiff suffered from "status post malignant breast neoplasm with chemotherapy," which are severe impairments pursuant to 20 C.F.R. §§ 404.1521 and 416.921. (R. 10-11.) Ultimately, the ALJ concluded that Plaintiff "does not have an impairment or combination of impairments that has significantly limited (or is expected to significantly limit) the ability to perform basic work-related activities for 12 consecutive months; therefore, the claimant does not have a severe impairment or combination of impairments." (R. 11.) In making this finding, the ALJ noted:

> The claimant's breast cancer, knee pain, and neuropathy are singly and in combination not established by the objective medical record as "severe" impairments imposing more than a minimal effect on the claimant's functional capabilities for the twelve-month durational requirement of the regulations. . . . Although she continues to undergo Avastin therapy every three weeks, there is no evidence that she experiences symptoms and side effects significant enough to cause more than a minimal effect on her ability to perform basic work activities. Her most recent treatment note in October 2012 indicates that she denied experiencing any side effects with her medication, including no headaches, lightheadedness, shortness of breath, or bony discomfort, and that she was doing well overall. In adition, treatment notes indicate that there was no evidence of disease subsequent to her surgery.

(R. 13.) Based on this evidence, the ALJ determined that Plaintiff "has not been under a disability, as defined in the Social Security Act, from January 13, 2010," through the date of his decision. (R. 14.)

Plaintiff appealed the ALJ's decision to the Appeals Council on February 24, 2011. (R. 4.) The Appeals Council found no basis in the record or in the reasons advanced on appeal to review the decision. It, therefore, denied review and adopted the ALJ's decision as the final decision of the Commissioner on July 13, 2011. (R. 1–3).

Plaintiff instituted the present civil action in this Court on August 23, 2011. (Comp. [ECF No. 3].) Thereafter, I referred this matter to Magistrate Judge B. Waugh Crigler for consideration of Plaintiff's and Commissioner's dispositive motions. (Order, Jan. 23, 2012, [ECF No. 10].) On June 22, 2012, Judge Crigler issued his Report and Recommendations in which he concluded that I should grant Defendant's Motion for Summary Judgment and dismiss this case. (R & R. [ECF No. 21].)

On July 6, 2012, Plaintiff filed a timely Objection to the Report and Recommendation. (Pl.'s Obj. [ECF No. 22].) Plaintiff's Objection raises essentially the same arguments she made before Magistrate Judge Crigler; she contends that new evidence that was not available at the time of the Commissioner's decision compels remand. The Commissioner did not respond to Plaintiff's Objection.

## II.   STANDARD OF REVIEW

Congress has limited the judicial review I may exercise over decisions of the Social Security Commissioner. I am required to uphold the decision where: (1) the Commissioner's factual findings are supported by substantial evidence; and (2) the Commissioner applied the proper legal standard. *See* 42 U.S.C. § 405(g); *Craig v. Chater,* 76 F.3d 585, 589 (4th Cir.

1996).  The Fourth Circuit has long defined substantial evidence as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).  In other words, the substantial evidence standard is satisfied by producing more than a scintilla but less than a preponderance of the evidence.  *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966).

The Commissioner is charged with evaluating the medical evidence and assessing symptoms, signs, and findings to determine the functional capacity of the claimant.  20 C.F.R. §§ 404.1527–404.1545; *see Shively v. Heckler*, 739 F.2d 987, 990 (4th Cir. 1984) (noting that the role of the ALJ, not the Vocational Examiner, is to determine disability).  The Regulations grant the Commissioner latitude in resolving factual inconsistencies that may arise during the evaluation of the evidence.  20 C.F.R. §§ 404.1527, 416.927.  Unless the decision lacks substantial evidence to support it, the ultimate determination of whether a claimant is disabled is for the ALJ and the Commissioner.  *See id.* §§ 404.1527(e), 416.927(e); *Walker v. Bowen,* 834 F.2d 635, 640 (7th Cir. 1987).  If the ALJ's resolution of the conflicts in the evidence is supported by substantial evidence, then I must affirm the Commissioner's final decision.  *Laws*, 368 F.2d at 642.  In reviewing the evidence, I must not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [my] judgment for that of the Secretary.[1]"  *Mastro*, 270 F.3d at 176 (quoting *Craig*, 76 F.3d at 589).

In a case such as this one, where a party asserts that the case should be remanded to consider new evidence, Congress has instructed that the case should be remanded "only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding . . . ."  42 U.S.C. § 405(g)

---

[1] Or the secretary's designate, the ALJ.  *See Craig*, 76 F.3d at 589 (quoting *Walker v. Bowen*, 834 F.2d 635, 640 (7th Cir. 1987).

(2011). "A remand on the basis of new evidence is warranted only if the new evidence is material and there is good cause for its late submission." *Hayes v. Astrue*, 488 F. Supp. 2d 560, 564 (W.D. Va. 2007); *cf. Borders v. Heckler*, 777 F.2d 954, 955 (4th Cir. 1985) (*superseded by statute*). Regardless of whether the evidence *existed* during the period on or before the Commissioner's decision, *see Reichard v. Barnhart*, 285 F. Supp. 2d 728, 733 (S.D.W. Va. 2003), "[e]vidence is material if there is a reasonable possibility that the new evidence would have changed the outcome," *Wilkins v. Sec'y Dep't of Health & Humans Servs.*, 953 F. 2d 93, 96 (4th Cir. 1991) (en banc).

### III.  DISCUSSION

Plaintiff's objections fail for a number of reasons, not the least of which is Plaintiff's failure to differentiate her Objection from her original Motion for Remand. (*See* Mem. in Supp. of Pl.'s Mot. for Remand [ECF No. 18].) As explained in prior decisions, Plaintiff's attempt to have "two bites at the apple" is improper:

> The issues that Plaintiff raises in her general objection have already been addressed by Magistrate Judge Crigler when they were before him in Plaintiff's summary judgment brief. Allowing a litigant to obtain *de novo* review of her entire case by merely reformatting an earlier brief as an objection "make[es] the initial reference to the magistrate useless. The functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act."

*Veney v. Astrue*, 539 F. Supp. 2d 841, 845–46 (W.D. Va. 2008) (quoting *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)). This reason alone justifies overruling her objections.[2] Essentially, by restating her grounds for remand as an Objection to the Magistrate Judge's report and recommendation, Plaintiff's sole argument for rejecting the

---

[2] Of note, Plaintiff does not cite a single case, reported or unreported, that calls into question Magistrate Judge Crigler's legal analysis or conclusions of law or fact.

- 5 -

Magistrate Judge's recommendation is, "I disagree with him." While that may be so, it is not a legal basis for rejecting Judge Crigler's recommendation.[3] Despite the fact that the Objection is improper and should therefore be treated as no Objection at all, I will proceed to the arguments Plaintiff set forth before Magistrate Judge Crigler and again before me.

Plaintiff's argument for remanding the case is that new, material evidence has come to light that would impact the ALJ's determination. Plaintiff claims, "The new evidence is material because it documents that [P]laintiff's Avastin treatment did not end in March of 2010 as asserted by Dr. Merten; [sic] but instead, did not end until March of 2011." (Pl.'s Obj. ¶ 2.) What Plaintiff fails to note, however, is that this fact would not have any bearing on the ALJ's determination and is therefore ***not*** material. Plaintiff was not found to be disabled ***at any point*** as a result of her chemotherapy treatment. Therefore, it does not matter at what point a portion of her chemotherapy treatment ended. As the ALJ concluded, "The claimant has not been under a disability . . . from January 13, 2010, through the date of [the] decision, [January 11, 2011]." (R. 14.) Plaintiff fails to offer any evidence or argument as to why an additional nine months of Avastin treatment would affect the ALJ's conclusions when he considered evidence of three months of treatment and rejected her claim on that basis. Because this evidence would not reasonably have changed the outcome, *see Wilkins v. Sec'y Dep't of Health & Humans Servs.*, 953 F. 2d 93, 96 (4th Cir. 1991) (en banc), it does not form an adequate basis for remand.

Moreover, Plaintiff's implicit argument that nine months of her Avastin therapy was overlooked by the ALJ is flatly contradicted by the record. As the ALJ noted, "Although she continues to undergo Avastin therapy every three weeks, there is no evidence that she

---

[3] It is settled law that an Objection which merely restates that basis set forth before the Magistrate Judge is nothing more than a general objection, which is the same as no objection at all. "[B]ecause Plaintiff's re-filed brief constitutes, at most, a general objection to the Report, and '[a] general objection . . . has the same effects as would a failure to object,' no part of the Report is subject to this Court's *de novo* review." *Veney*, 539 F. Supp. 2d at 846 (quoting *Howard v. Sec'y of Health and Human Services.*, 932 F.2d 505, 509 (6th Cir. 1991)).

experiences symptoms and side effects significant enough to cause more than a minimal effect on her ability to perform basic work activities." (R. 13.) Clearly, the ALJ considered Plaintiff's *continuing* Avastin therapy and determined, based on substantial evidence, that it did not limit Plaintiff's abilities to a degree that rendered her disabled.

Plaintiff also argues that Magistrate Judge Crigler "erroneously concludes that the bulk of the new evidence could have been submitted to the ALJ or the Appeals Council." (Pl.'s Obj. ¶ 3.) This argument must fail as well. Plaintiff claims that "[t]he evidence from Blue Ridge Cancer Care from October and November and early December of 2010 had not yet been transcribed at the time of [P]laintiff's hearing." She makes this argument without citing to any case which holds that only transcribed medical records are admissible. The fact that the evidence may not have been in the most convenient format does not mean that it could not have been presented at the hearing.

She next argues that "[t]he other notes from Blue Ridge Cancer Care from January of 2011 through May of 2011 were unfortunately not received in time to submit to the Appeals Council." (*Id.*) Again, Plaintiff's argument confuses "hard to get" with "unavailable." Without offering any explanation as to why the evidence was "unfortunately not received," Plaintiff avers that Magistrate Judge Crigler "erroneously concluded" that the evidence was not new. I cannot agree with that characterization. Moreover, Plaintiff's representation that the information was "unfortunately not received" does not satisfy the standard of "good cause" required for failing to present this evidence at the November 2010 hearing or in the February 2011 appeal. *See* 42 U.S.C. § 405(g) (2011).

Moreover, even if the evidence was new, Plaintiff does not show there is a "reasonable possibility" that the evidence, if presented to the ALJ, "would have changed the outcome."

- 7 -

Case 4:11-cv-00037-JLK-BWC   Document 23   Filed 08/09/12   Page 7 of 9   Pageid#: 606

*Wilkins*, 953 F. 2d 93 at 96.  All Plaintiff argues is that the new evidence would "document the [P]laintiff's continued problems with upper extremity lymphedema and that she continued to receive treatment in the lymphedema clinic," and that "[P]laintiff will need to undergo additional surgical procedures as a result of her cancer."  (Pl.'s Obj. ¶ 3.)  Plaintiff fails, however, to relate any of this to the ALJ's actual decision.  In his decision, the ALJ does not opine that, if Plaintiff had to undergo additional surgery, then she would qualify as disabled.  Nor does he contend that, if Plaintiff received additional treatment in the lymphedema clinic, then she would qualify for benefits.  Obviously, the ALJ's decision does not have to be as clear cut as these examples to warrant a remand, but the onus is on Plaintiff to illustrate at least a *minimal* relationship between the new evidence and the underlying decision.  In the absence of some connection to the ALJ's decision or some connection to suggest that the new evidence might reasonably have led to a different outcome, Plaintiff's Objection must fail.

I do want to take this opportunity to note that Plaintiff's condition cannot be easy on her, and she has my sympathies for the ongoing issues related to her illnesses.  Unfortunately, my sympathies for her plight cannot supplant the law or the requirements imposed on her and her counsel.  Because it fails to make the requisite showings, her Objection must be overruled.

### IV.    CONCLUSION

Because Plaintiff has failed to make an Objection to the R & R that does not duplicate her original Motion for Remand, she has not lodged a proper Objection.  Moreover, even if the Objection was proper, it is not persuasive.  Therefore, her Objection is **OVERRULED**, Magistrate Judge Crigler's R &R is hereby **ADOPTED**, the Commissioner's Motion for Summary Judgment is **GRANTED**, and this case is **DISMISSED**.  The Clerk is hereby directed to remove this case from the active docket of the Court.

The Clerk is directed to forward a copy of this Memorandum Opinion to Magistrate Judge Crigler and to all counsel of record.

Entered this 9th day of August, 2012.

                                                    s/Jackson L. Kiser
                                                  SENIOR UNITED STATES DISTRICT JUDGE